IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FERNANDO LEMUS-GONZALEZ,

  Petitioner,

v.

  CIVIL ACTION NO.: CV211-071

ANTHONY HAYNES, Warden,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Fernando Lemus-Gonzalez ("Lemus-Gonzalez"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss Lemus-Gonzalez's petition, and Lemus-Gonzalez filed a Response. For the reasons which follow, Lemus-Gonzalez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 2007, Lemus-Gonzalez pled guilty to eight counts of transporting undocumented aliens for private financial gain and causing the death of five persons, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(iv), and 18 U.S.C. § 2. United States v. Lemus-Gonzalez, CR507-451 (S.D. Tex.), Doc. No. 70. The district court sentenced

Lemus-Gonzalez to 360 months' imprisonment. Id. Lemus-Gonzalez unsuccessfully appealed his sentence to the Fifth Circuit. Id. at Doc. No. 100. The United States Supreme Court denied certiorari review. United States v. Lemus-Gonzalez, 563 F.3d 88 (5th Cir. 2009), cert. denied, 130 S.Ct. 132 (2009). Lemus-Gonzalez claims to have filed an unsuccessful 28 U.S.C. § 2255 motion in the Southern District of Texas. (Doc. No. 1, p. 8).

In the instant petition, Lemus-Gonzalez makes four claims for relief under 28 U.S.C. § 2241: (1) his counsel was ineffective for failing to argue for a lesser sentence based on Lemus-Gonzalez's contention that the deaths of the illegal immigrants transported by him were an accident or the result of vehicle defects; (2) the district court erred in enhancing his sentence "by using the wrong [sentencing] guide lines" amounting to "prosecutorial misconduct;" (3) his constitutional rights were violated by arresting officials by failing to inform him that he had a right to contact the Mexican Consulate; and (4) the district court erred in evaluating the 18 U.S.C. § 3553(a) sentencing factors and that his constitutional rights were violated by the sentencing court by turning an accident into a "criminal offense." (Doc. No. 1).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or

ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

A petitioner need have only one unobstructed procedural shot to raise his claims, and "[t]hat does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Id. at 1236.

Lemus-Gonzalez is not entitled to § 2241 relief: he fails to identify any new, retroactively applicable Supreme Court decision that establishes that he was convicted of a nonexistent offense. All of his claims could have been raised at his sentencing, during his direct appeal, or in his first 28 U.S.C. § 2255 petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lemus-Gonzalez's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE